**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

_____

STEVEN L. CHAVEZ,

        Petitioner,

vs.                                                    Civil No. 03-71 WPJ/WWD

JOE R. WILLIAMS, et al.,

        Respondents.

**MAGISTRATE JUDGE'S PROPOSED FINDINGS**
**AND RECOMMENDED DISPOSITION**

    1.  THIS MATTER comes before the Court upon Respondents' Motion to Dismiss, filed February 11, 2003 **[Doc. 11]**.  Respondents contend that Mr. Chavez' petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 is time-barred subject to the one-year statute of limitations in the Antiterrorist and Effective Death Penalty Act of 1996 ("AEDPA").  See Hoggro v. Boone, 150 F.3d 1223, 1225 (10th Cir. 1998).

    2.  Petitioner is incarcerated and is proceeding _pro se_.  Petitioner's Judgment, Sentence and Commitment was filed on January 7, 2000.  Answer, Ex. A.  Petitioner did not appeal his conviction or sentence on direct review.  Thus, Petitioner's conviction became final no later than 30 days following the entry of his judgment, on February 7, 2000.  See Fitts v. Williams, 232 F.3d 901, 2000 WL 1480494, at **1 (10th Cir. Oct. 6, 2000) (unpublished table decision) (where petitioner did not seek direct review in a state court of last resort, petitioner cannot include the 90 day period during which he might have filed a writ of certiorari with the United States Supreme Court in the tolling calculus for determining when the conviction became final); see also N.M.S.A. 1978 § 12-201 (notice of appeal shall be filed within 30 days after judgment).  In order to avoid

the one-year statute of limitations, Mr. Chavez was required to file his federal petition by February 7, 2001.

3.   Mr. Chavez' present petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 is not timely filed.  The instant petition is file-stamped January 13, 2003.  However, even assuming a filing date of December 14, 2002,[1] Mr. Chavez' federal application exceeds the limitations period by almost two years.

4.   In addition, tolling of the limitations period during the pendency of state post-conviction review does not bring Mr. Chavez' petition within the one-year time limit.  On March 14, 2000, Mr. Chavez filed a Motion for Reconsideration in state court, which was denied on March 16, 2000.  Answer, Exs. C, D.  On December 8, 2000, Mr. Chavez filed his first Petition for Writ of Habeas Corpus in state court, which was denied on February 22, 2001.[2]  Answer, Exs. E,F.  Tolling the limitations period for one year[3] would have extended the filing deadline to February 7, 2002.  Thus, even applying the tolling provisions during which these state proceedings were pending, Mr. Chavez' petition is untimely in that he filed his application more than ten months after the limitations period expired.

---

[1]  Petitioner indicated that his application was "executed" on December 14, 2002.  See Pet. at 13. "Pursuant to the mailbox rule, a prisoner's papers are considered filed as of the date he delivers them to prison officials for mailing."  Hall v. Scott, 292 F.3d 1264, 1266 n.1 (10th Cir. 2002) (citing Houston v. Lack, 487 U.S. 266, 276 (1988)).

[2]  Mr. Chavez did not file a petition for writ of certiorari with respect to the denial of his first state habeas petition.

[3]  The time that elapsed from the filing of Mr. Chavez' Motion for Reconsideration to the denial of his first state habeas petition is actually less than one year.  However, I will include the period between the denial of the Motion for Reconsideration and the filing of Mr. Chavez' first state habeas petition, and additionally assume that the limitations period is tolled for one year in order to illustrate the untimeliness of Mr. Chavez' federal petition.

5.   Petitioner filed a second state habeas petition on June 25, 2002, which was denied on

October 2, 2002. Answer, Exs. G, H.  His petition for writ of certiorari, filed on October 25,

2002, was denied on October 30, 2002. Answer, Exs. I, J.   However, because Petitioner did not

file the second state habeas until more than four months  *after* the limitations period had ended,

the time it was pending in state court should not be included in tolling the limitations period.

*Equitable Tolling*

6.   As Respondents point out, the statute of limitations may be equitably tolled, although

only "when an inmate diligently pursues his claims <u>and</u> demonstrates that the failure to timely file

was caused by extraordinary circumstances beyond his control."  <u>Marsh v. Soares</u>, 223 F.3d 1217,

1220 (10th Cir. 2000) (emphasis added).  Equitable tolling is appropriate "only in rare and

exceptional circumstances."  <u>Gibson v. Klinger</u>, 232 F.3d 799, 808 (10th Cir. 2000).  Moreover,

Petitioner bears the burden of demonstrating that equitable tolling should apply.  <u>See</u> <u>Miller v.</u>

<u>Marr</u>, 141 F.3d 976, 978 (10th Cir. 1998)..

7.   Petitioner appears to contend that after corresponding with the Supreme Court of

New Mexico, he was confused with respect to filing procedures.[4]  However an "ignorance of the

law" defense to untimely filing "is easily rejected."  <u>Schmidt v. Scott</u>, 201 F.3d 449, 1999 WL

1040527, at **2 (10th Cir. Nov. 17, 1999) (citing <u>United States v. Reed</u>, 114 F.3d 1053, 1057

(10th Cir. 1997)) (rejecting petitioner's argument that he was unaware of the AEDPA statute of

limitations).  Accordingly, I do not find that Mr. Chavez' alleged confusion constitutes an

---

[4] Petitioner submitted three letters from the Supreme Court of New Mexico, apparently written in response to letters from Mr. Chavez, providing information about transcripts, the appointment of counsel and how to challenge the denial of his state habeas petition.  <u>See</u> Exs. to Mot. in Opp'n to Dismiss, file-stamped Feb. 27, 2003 **[Doc. 13]**.

3

exceptional circumstance wherein equitable tolling would be appropriate.

8.   Petitioner also claims "actual innocence" with respect to one or more charges.  See Mot. in Opp'n at 2.  However, Petitioner does not point to any evidence of his innocence and offers nothing more than his own unsupported statement that he is "ac[t]ual[ly] innocent[] of 1st degree murder."  Mot. in Opp'n at 2.  Thus, I find that Petitioner does not make a colorable claim of actual innocence sufficient to justify equitable tolling.  See Weibley v. Kaiser, 50 Fed. Appx. 399, 403, 2002 WL 31478974, at **3 (10th Cir. Nov. 6, 2002) (citing Schlup v. Delo, 513 U.S. 298, 324 (1995)) (finding that petitioner "makes only conclusory allegations regarding his innocence and provides no analysis or specific facts to warrant equitable tolling").

9.   Petitioner further alleges that a "lockdown" occurred "sometime in March[,] . . . [and the untimely filing] was beyond Petitioner['] s control[] because [the] lockdown . . . took all free movement[,] all programming[,] all legal access [and] all legal material access."  Mot. in Opp'n at 3.  However, Mr. Chavez fails to specifically and satisfactorily explain how the alleged lack of access prevented him from filing the instant petition in a timely manner.[5]  See, e.g., Miller, 141 F.3d at 978 (cited in Cooper v. Bravo, 36 Fed. Appx. 343, 2002 WL 32716, at **4 (10th Cir. Jan. 11, 2002)) (refusing to apply equitable tolling because the petitioner "provided no specificity regarding the alleged lack of access and the steps he took to diligently pursue his federal claims").

10.   Petitioner fails to show that the failure to timely file his federal petition was caused by extraordinary circumstances beyond his control.  Accordingly, Petitioner has failed to meet his burden of showing that equitable tolling should be applied in this case.

---

[5]  Moreover, I note that Petitioner filed at least two motions, two state habeas petitions, a petition for certiorari and engaged in written correspondence with the Supreme Court of New Mexico during his incarceration, thus undercutting his argument that a lack of access caused his delay.

4

## Recommendation

I recommend that Respondents' Motion to Dismiss **[Doc. 11]** be GRANTED and this cause be DISMISSED WITH PREJUDICE on the finding that Petitioner's application for Writ of Habeas Corpus is barred as untimely under 28 U.S.C. § 2244(d)(1)(A).  Any pending motions should be denied as moot.

Within ten days after a party is served with a copy of these proposed findings and recommendations that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to such proposed findings and recommendations.  A party must file any objections within the ten day period allowed if that party wants to have appellate review of the proposed findings and recommendations.  If no objections are filed, no appellate review will be allowed.


Lorenzo F. Garcia
Chief United States Magistrate Judge